IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BENITA ANDERSON, | § § § § § § § § § § § § | |
| Plaintiff, | | |
| v. | | Case No. 3:23-cv-2574-L-BT |
| PHH MORTGAGE SERVICES CORPORATION, | | |
| Defendant. | | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court is Defendant PHH Mortgage Services Corporation's Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) (ECF No. 5). For the reasons set forth below, the District Judge should GRANT the motion and DISMISS Plaintiff's claims with prejudice.

## Background

*I. Current Lawsuit*

Plaintiff Benita Anderson initiated this civil action on November 29, 2023, bringing claims against Defendant PHH Mortgage Services Corporation (PHH) under the Real Estate Settlement Procedures Act (RESPA) and RESPA's implementing regulation, Regulation X (12 C.F.R. Part 1024). *See generally* Compl. (ECF No. 1); 12 U.S.C. §§ 2601-2617.

Anderson's claims arise out of alleged accounting errors made by PHH as Anderson's mortgage loan servicer. Compl. ¶ 8 (ECF No. 1).

1

According to Anderson's Complaint, her loan was transferred to PHH in May of 2019. *Id.* ¶ 5. Anderson alleges that PHH did not adequately review the mortgage account upon taking over the loan, and the account reflected incorrect due dates for Anderson's required payments. *Id.*

PHH later notified Anderson that her loan was sixty days past due and "began to report late payments beginning from June 2022 through the present to all major credit agencies." *Id.* ¶¶ 10, 12. Anderson disputed that her loan was past due and in "early August 2022" contacted PHH to inquire about the cause of the apparent discrepancy. *Id.* ¶¶ 10-15. PHH informed her that she was delinquent beginning May 1, 2022, but allegedly did not provide Anderson with any documents proving her delinquency. *Id.* ¶ 14. Anderson ultimately alleges that "due to a due date error in April 2019, [her] loan has been inaccurately maintained and inaccurately reported as past due from June 2022 to the present date. [PHH] has failed to maintain [Anderson's] account causing inaccuracies with her mortgage loan, health, good credit history, and current and future creditors." *Id.* ¶ 23.

Based on these allegations, Anderson brings a RESPA claim under Title 12, § 1024.35 of the Code of Federal Regulations for PHH's failure to correct account errors after being notified. *Id.* ¶¶ 25-27. In addition to her substantive RESPA claim, she seeks declaratory relief—asking the Court to "declare and determine the validity of the accounting dispute and correct

the errors as alleged"—as well as "equitable or injunctive relief requesting that the Court order [PHH] to contact the major credit bureaus and [remove] any and all derogatory credit history concerning the late payments at issue." *Id*. ¶¶ 28-32. Anderson seeks damages and an award of attorney's fees for PHH's alleged RESPA violations. *Id*. ¶¶ 26, 33.

## II. Previous Lawsuits

This is the third action Anderson has filed against PHH based on the servicing of her mortgage loan. On January 26, 2021, Anderson sued PHH and a credit reporting agency (CRA) in this federal judicial district, claiming violations of the Fair Credit Reporting Act (FCRA) and RESPA. *See Benita Anderson v. TransUnion, LLC, and PHH Mortgage Corporation*, Civil Action No. 3:21-cv-00166. In her 2021 complaint, Anderson alleged that in July of 2020, she noticed inaccuracies in the CRA's report on her loan. Def.'s App. 006 (ECF No. 7). Specifically, "[w]ithin the [credit report], PHH Mortgage was reporting closed as of November 2019, when it was open, and [Anderson] was still responsible to pay the PHH Mortgage." *Id*. Anderson sent a dispute to the CRA and requested an investigation. *Id*. She ultimately brought various FCRA claims against the CRA based on the agency's handling of the dispute. *Id*. at 008-0010 (raising claims under § 1681e(b) and § 1681i of the FCRA).

Anderson also disputed the account inaccuracies with PHH and asked the servicer to "properly report to the CRAs that [her] obligation on

3

the PHH account was hers alone and that she never filed a Chapter 13 Bankruptcy." *Id.* at 007. Anderson alleged that PHH "fail[ed] to fully and properly investigate [her] dispute of the PHH account . . . fail[ed] to correctly report results of an accurate investigation to every other consumer reporting agency, and fail[ed] to . . . permanently and lawfully correct its own internal records to prevent the re-reporting of the PHH inaccuracies to the consumer reporting agencies." *Id.* at 0010. Based on these allegations, Anderson asserted claims against PHH under section 1681s-2(b) of the FCRA and section 2605(e) of RESPA. *Id.* at 0010-0012. Anderson's claims against PHH were ultimately dismissed with prejudice pursuant to a Notice of Voluntary Dismissal filed by Anderson on March 23, 2021. *See* Civil Action No. 3:21-cv-00166, ECF No. 15. Anderson's claims against the CRA were also dismissed with prejudice pursuant to a Joint Stipulation of Dismissal filed on March 2, 2022. *Id.* at ECF No. 19.

Anderson filed her second action against PHH in a Texas state court. *See Benita Anderson v. PHH Mortgage Services*, Cause No. JS2200833H, in the Justice Court, Precinct 1, Place 1, Dallas County, Texas. However, this action was dismissed without prejudice on October 11, 2023, for want of prosecution.

### III. PHH's Motion to Dismiss

In the pending motion to dismiss, PHH argues that Anderson's claims are barred by *res judicata* and that, regardless, Anderson fails to

4

state a claim for relief under RESPA. The Court heard oral arguments from both parties at a hearing on the motion to dismiss held on April 25.[1] The motion is fully briefed and ready for a recommendation. *See* Resp. (ECF No. 10); Reply (ECF No. 11).

## Legal Standards

To survive a Rule 12(b)(6) motion, a plaintiff's complaint must contain sufficient factual matter to state a claim for relief that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "To be plausible, the complaint's '[f]actual allegations must be enough to raise a right to relief above the speculative level.'" *In re Great Lakes Dredge & Dock Co. LLC*, 624 F.3d 201, 210 (5th Cir. 2010) (quoting *Twombly*, 550 U.S. at 555).

This pleading standard does not require "detailed factual allegations," but it does demand more than an unadorned accusation devoid of factual support. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (citing *Twombly*, 550 U.S. at 556). "[A] formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550

---

[1] During the April 25 hearing, the Court also considered Plaintiff counsel's request to withdraw (ECF Nos. 14, 17, 18, 20). The Court granted the request by separate order. *See* Order (ECF No. 23).

U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679. Where the facts do not permit the Court to infer more than the mere possibility of misconduct, the complaint has stopped short of showing that the plaintiff is plausibly entitled to relief. *Id.* at 678 (citing *Twombly*, 550 U.S. at 557).

When applying the plausibility standard, the Court "accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (internal quotation marks and citations omitted). But a court may not look beyond the pleadings. *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). Review is "limited to the complaint, any documents attached to the complaint, and any documents attached to the [motion to dismiss] that are central to the claim and referenced by the complaint." *Smith v. Buffalo Wild Wings,* 2021 WL 4265849, at *2 (N.D. Tex. Sept. 20, 2021) (Fitzwater, J.) (citing *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010)*); see also Inclusive Communities Project, Inc. v. Heartland Cmty. Ass'n, Inc.,* 399 F. Supp. 3d 657, 665 (N.D. Tex. 2019) ("In ruling on [a Rule 12(b)(6)] motion, the court cannot look beyond the pleadings." (citing *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999))), *aff'd,* 824 F. App'x 210 (5th Cir. 2020).

## Analysis

I. <u>Anderson's pre-January 2021 claims are barred by *res judicata.*</u>

PHH is entitled to dismissal of this action under Rule 12(b)(6) on the ground that Anderson's claims arising out of PHH's alleged failure to correct accounting errors prior to January 26, 2021 are barred by *res judicata*, or claim preclusion, which "bars the litigation of claims that either have been litigated or should have been raised in an earlier suit." *Petro-Hunt, L.L.C. v. United States*, 365 F.3d 385, 395 (5th Cir. 2004) (quoting *In re Southmark Corp.*, 163 F.3d 925, 934 (5th Cir. 1999)) (citing *Brown v. Felsen*, 442 U.S. 127, 131 (1979) ("*Res judicata* prevents litigation of all grounds for, or defenses to, recovery that were previously available to the parties, regardless of whether they were asserted or determined in the prior proceeding.")).

*Res judicata* is an affirmative defense. Fed. R. Civ. P. 8(c)(1); *Stevens v. St. Tammany Par. Gov't*, 17 F.4th 563 (5th Cir. 2021). And, generally, a *res judicata* contention cannot be brought in a motion to dismiss. *Test Masters Educ. Servs., Inc. v. Singh*, 428 F.3d 559, 570 n.2 (5th Cir. 2005). But "when a successful affirmative defense appears on the face of the pleadings, dismissal under Rule 12(b)(6) may be appropriate." *Kansa Reinsurance Co., Ltd. v. Cong. Mortg. Corp. of Tex.*, 20 F.3d 1362, 1366 (5th Cir. 1994) (citing *Clark v. Amoco Prod. Co.*, 794 F.2d 967, 970 (5th Cir. 1986)). Thus, dismissal on *res judicata* grounds may be appropriate

7

when the elements of *res judicata* are apparent on the face of the pleadings. *Smith v. Beneficial Fin. I, Inc.*, 2018 WL 4224102, at *2 (N.D. Tex. Aug. 10, 2018), *adopted by*, 2018 WL 4215524 (N.D. Tex. Sept. 5, 2018) (Lindsay, J.). Further, "[t]he Court may find that claims are barred by *res judicata* after taking judicial notice of prior pleadings and orders." *Avila v. Ocwen Loan Servicing, LLC*, 2014 WL 12580450, at *2 (W.D. Tex. June 6, 2014) (citing *Dean v. Mississippi Bd. of Bar Admissions*, 394 F. App'x 172, 175 (5th Cir. 2010)); *see also Hall v. Hodgkins*, 305 F. App'x 224, 227-28 (5th Cir. 2008) ("If, based on the facts pleaded and judicially noticed, a successful affirmative defense appears, then dismissal under Rule 12(b)(6) is proper." (citing *Kansa Reinsurance Co., Ltd.*, 20 F.3d at 1366)).

A claim is precluded when: "(1) the parties are identical or in privity; (2) the judgment in the prior action was rendered by a court of competent jurisdiction; (3) the prior action was concluded by a final judgment on the merits; and (4) the same claim or cause of action was involved in both actions." *Test Masters Educ. Servs., Inc.*, 428 F.3d at 571 (citation omitted). Regarding the fourth element, the Fifth Circuit employs a "transactional test" to determine whether two actions involve the same claim or cause of action. *Id.* (citation omitted). "Under the transactional test, a prior judgment's preclusive effect extends to all rights of the plaintiff 'with respect to all or part of the transaction, or series of connected

8

transactions, out of which the [original] action arose.'" *Davis v. Dall. Area Rapid Transit*, 383 F.3d 309, 313 (5th Cir. 2004) (quoting *Petro-Hunt, L.L.C.*, 365 F.3d at 395-96). The facts making up a transaction are "determined pragmatically"; however, the critical issue is "whether the two actions are based on the same nucleus of operative facts." *Id*.

Here, claim preclusion applies based upon Anderson's federal lawsuit against PHH filed in this district on January 26, 2021. Specifically, claim preclusion bars any RESPA claim arising out of PHH's alleged failure to correct accounting errors between the May 2019 loan transfer and Anderson's January 26, 2021 filing of the previous suit. In the first suit, Anderson was also the plaintiff and sued PHH as one of the named defendants; the judgment in the prior action was rendered by this very court, a court of competent jurisdiction; and the prior action was concluded by a final judgment on the merits—a dismissal with prejudice pursuant to a notice of voluntary dismissal as to PHH and a stipulation of dismissal with prejudice as to the CRA defendant. And finally, at least as to Anderson's claims based upon pre-2021 accounting errors, her claims in the prior lawsuit and this present lawsuit plainly center around and involve the same nucleus of operative facts. Namely, in both actions, Anderson's claims depend on supporting allegations related to alleged erroneous accounting beginning around the May 2019 transfer of the loan to PHH and PHH's inadequate response to being notified of the alleged errors. *See*

Compl. ¶ 7 (ECF No. 1) ("The issue is whether the Defendant, failed to adequately review the Plaintiff's loan and payment history at the time of the service transfer[.]").

Accordingly, Anderson's RESPA claims arising from any alleged account error and error notification prior to the January 2021 filing of her first suit against PHH are barred by *res judicata* and should be dismissed with prejudice.

Alternatively, these RESPA claims—along with any post-2021 claims—are subject to dismissal based on the fatal pleading deficiencies outlined below.

II. <u>Anderson fails to state a claim for relief under RESPA.</u>

Anderson fails to adequately plead any claim to relief under RESPA—either through alleged violations occurring before her first action in January of 2021 or violations occurring after the termination of her previous action.

Anderson contends PHH violated RESPA by failing to correct accounting errors after Anderson provided notice under 12 C.F.R. § 1024.35. "Section 1024.35 requires a servicer of a loan to furnish a written response to a notice of error 'for any written notice from the borrower that asserts an error and that includes the name of the borrower, information that enables the servicer to identify the borrower's mortgage loan account, and the error the borrower believes has occurred.'" *Solis v. U.S. Bank, N.A.*,

726 F. App'x 221, 222 (5th Cir. 2018) (citing 12 C.F.R. § 1024.35(a)). But other than citing and quoting section 1024.35, Anderson provides nothing more than threadbare recitals of certain legal elements.

For example, Anderson alleges simply that she "contacted [PHH] and advised them" of the errors on her account and that she "provided [PHH] with notice of errors pursuant to 12 C.F.R. § 1024.35." Compl. ¶¶ 25, 21 (ECF No. 1). Anderson does not provide *any* factual detail about her alleged notice sent to PHH—much less any detail indicating the notice meets the notice requirements laid out in section 1024.35(a). Without such factual detail, she fails to plausibly allege that any requirements placed on servicers upon *proper* notice were triggered in the first place. *See Solis*, 726 F. App'x at 222 (affirming section 1024.35 claim "is insufficiently pled" since the "complaint[] . . . does not allege that [plaintiffs] provided the required written notice to [the loan servicer]"); *Wilson v. Deutsche Bank Tr. Co. Americas as Tr. for Residential Accredit Loans, Inc., Mortg. Asset-Backed Pass-Through Certificates, Series 2006-QS5*, 2020 WL 570915, at *6 (N.D. Tex. Feb. 5, 2020) (Fitzwater, J.) ("[Section 1024.35] claim fails nonetheless because the [plaintiffs] have not adequately pleaded that their communication to [servicer] meets the requirements of § 1024.35(a).").

Additionally, Anderson does not provide any factual allegations related to PHH's investigation into the alleged errors. Her Complaint simply asserts in conclusory fashion that after she informed PHH of the

11

errors, "no changes were made[.]" Compl. ¶ 21 (ECF No. 1). Anderson's Complaint does not detail how PHH failed to comply with the specific requirements placed on servicers to investigate and respond to a notice of error. *See* 12 C.F.R. § 1024.35(e) (outlining servicer investigation and response requirements following borrower notice). She thus fails to plausibly allege any violation by PHH.

Finally, Anderson does not adequately allege damages under RESPA. In support of her request for damages, Anderson states that PHH's alleged RESPA violations "adversely affected her credit report[,]" and caused "inaccuracies with her mortgage loan, health, [and] good credit history[.]" Compl. ¶¶ 20, 23 (ECF No. 1). But to state a claim for relief under RESPA, a plaintiff must plausibly allege actual damages as a result of the defendant's alleged violations. *Obazee v. The Bank of N.Y. Mellon*, 2015 WL 4602971, at \*4 (N.D. Tex. July 31, 2015); *see also Good v. Prof-2013-s13 Legal Title Tr. IV by U.S. Bank Nat'l Ass'n*, 2019 WL 2617948, at \*5 (N.D. Tex. May 16, 2019), *adopted by*, 2019 WL 2616955 (N.D. Tex. June 26, 2019) (stating that actual damages are "a necessary component under Regulation X"). Anderson's vague allegations simply do not meet the level of specificity required for a plaintiff to adequately allege actual damages under RESPA. *See Hernandez v. U.S. Bank, N.A.*, 2013 WL 6840022, at \*5 (N.D. Tex. Dec. 27, 2013) ("Courts in this district have construed actual damages under RESPA to include inaccurately imposed late charges associated with

an improperly noticed servicer transfer."); *Allen v. Wells Fargo Bank, Nat'l Ass'n*, 2017 WL 3421067, at *4 (N.D. Tex. Aug. 9, 2017) ("[Plaintiffs] have not pleaded actual damages, because their petition contains only a conclusory statement, not facts supporting the lost work time and administrative expense theories in their response.").

Ultimately, Anderson presents the exact kind of allegations Rule 12(b)(6) intends to deter—allegations that are vague, conclusory, and fail to provide more than "labels and conclusions." *See Twombly*, 550 U.S. at 555. Indeed, Plaintiff's counsel ultimately conceded during the April 25 hearing that Anderson's RESPA pleadings are fatally defective. Accordingly, Anderson fails to state a claim for relief, and her RESPA claims should be dismissed with prejudice.

PHH also argues that Anderson's RESPA claims fail because no private right of action exists under section 1024.35. *See* Def.'s Br. 18-20 (ECF No. 6). However, as PHH recognizes in its brief, the Fifth Circuit has not decided whether section 1024.35 confers a private right of action. *See Gresham v. Wells Fargo Bank, N.A.*, 642 F. App'x 355, 359 n.16 (5th Cir. 2016) (per curiam) (noting that "[a]t least one court has held that 12 C.F.R. § 1024.35, which incorporates violations of § 1024.39, does not provide a private right of action for damages[,]" but declining to address the question since plaintiff's section 1024.35 claim failed for independent reasons); *Zaragoza v. PHH Mortg. Corp.*, 2023 WL 2815879, at *2 (N.D. Tex. Mar.

13

7, 2023), *adopted by*, 2023 WL 2817218 (N.D. Tex. Apr. 6, 2023) ("[T]here is doubt as to whether sections 1024.35 and 1024.39 confer a private right of action to borrowers.").

Because Anderson's RESPA claims fail on the merits for the reasons addressed above, the Court does not need to address the unanswered question regarding a borrower's private right of action under section 1024.35.

III. <u>Anderson fails to state a claim for declaratory relief, other equitable relief such as an injunction, or attorney's fees.</u>

An equitable remedy, such as a declaratory judgment or injunctive relief, is not an independent cause of action. *See Johnson v. Wells Fargo Bank*, NA, 999 F. Supp. 2d 919, 924 (N.D. Tex., Feb. 24, 2014) (Lynn, J.). Instead, such relief depends upon the existence of an underlying judicially remediable right. *Schilling v. Rogers*, 363 U.S. 666, 677 (1960). Accordingly, because Anderson does not adequately plead any plausible underlying legal claim under RESPA, she is not entitled to any declaratory or other equitable relief. *See Val-Com Acquisitions Trust v. Citimortgage, Inc.,* 421 Fed. Appx. 398, 401 (5th Cir. 2011) ("Once the district court had dismissed the underlying TILA and RESPA claims, there were no claims for which the district court could grant declaratory relief."); *Feazell v. PHH Mortg. Corp.*, 2020 WL 13430045, at *2 (N.D. Tex. Aug. 11, 2020) (dismissing plaintiff's request for declaratory relief because plaintiff

14

failed to state underlying RESPA claim); *Zaragoza*, 2023 WL 2815879, at *4 ("Because all of Plaintiff's substantive claims [including RESPA claims under sections 1024.35, 1024.39, and 1024.41] fail for the reasons outlined above, her declaratory judgment request should also be [dismissed]."). *Compare Waites v. LLP Mortg. Ltd & MGC Mortg., Inc.*, 2015 WL 11120993, at *3 (N.D. Tex. June 19, 2015) (emphasis added) ("*Because* the Court has determined that Plaintiff has sufficiently plead her RESPA claim, the Court also concludes that Plaintiff is entitled to seek declaratory judgment.").

Anderson's request for attorney's fees also fails due to her failure to plead any underlying cause of action. *See Green v. Windsor Park Asset Holding Tr.*, 2020 WL 7394462, at *10 (N.D. Tex. Nov. 13, 2020), *aff'd*, 2021 WL 2521340 (5th Cir. June 18, 2021) (denying request for attorney's fees since "all of [plaintiff's] underlying causes of action fail," including claims under RESPA); *see also Green Int'l, Inc. v. Solis*, 951 S.W.2d 384, 390 (Tex. 1997) (in Texas, plaintiffs are not entitled to attorney's fees unless they state a viable cause of action).

## Opportunity to Amend

Courts should freely give leave to amend pleadings when justice so requires. Fed. R. Civ. P. 15(a). But leave to amend is not automatic and may be refused where it would be futile. *See Morgan v. Chapman*, 969 F.3d 238, 248 (5th Cir. 2020) (citing *Smith v. EMC Corp.*, 393 F.3d 590, 595

(5th Cir. 2004)). "The court may deny leave to amend . . . if the defects are incurable or the plaintiff[] ha[s] already alleged her best case." *Pierce v. Hearne Indep. Sch. Dist.*, 600 F. App'x 194, 200 (5th Cir. 2015) (per curiam) (citing *Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002)*; Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998) (per curiam)).

Here, the Court should not allow Anderson to amend her pleadings. For one, most of the claims Anderson attempts to plead in this action are barred by *res judicata* for the reasons explained. Thus, allowing amendment would be futile. Additionally, regarding any RESPA claims that are not barred by *res judicata*, Anderson was represented by counsel in drafting her Complaint and appears to have alleged her best case. Anderson has not requested leave to amend or suggested that she could plead any facts that would state a claim. Allowing amendment would cause unnecessary delay and not be in the interest of justice.

## Recommendation

The District Judge should GRANT PHH's Motion to Dismiss (ECF No. 5) and DISMISS Anderson's claims with prejudice.

**SO RECOMMENDED**.

June 18, 2024.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).