IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **BENITA ANDERSON,** § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. **3:23-CV-2574-L-BT** |
| § | |
| **PHH MORTGAGE SERVICES** § | |
| **CORPORATION,** § | |
| § | |
| Defendant. § | |

# ORDER

The Findings, Conclusions and Recommendation of the United States Magistrate Judge Rebecca Rutherford ("Report") (Doc. 24) was entered on June 18, 2024, recommending that the court **grant** Defendant PHH Mortgage Services Corporation's ("Defendant") Motion to Dismiss ("Motion") (Doc. 5) pursuant to Federal Rule of Civil Procedure 12(b)(6) and **dismiss** Plaintiff Benita Anderson's ("Plaintiff") claims with prejudice. Report 1.

Plaintiff initiated this civil action on November 29, 2023, bringing claims against Defendant under the Real Estate Settlement Procedures Act ("RESPA") and RESPA's implementing regulation, Regulation X (12 C.F.R. Part 1024). Doc. 1; 12 U.S.C. §§ 2601-2617. Plaintiff's claims arise out of an alleged accounting errors made by Defendant as her mortgage loan servicer. Compl. ¶ 8. This is the third action Plaintiff has filed against Defendant based on the servicing of her mortgage loan. Report 3. Plaintiff first sued Defendant in 2021 in this judicial district. *See Benita Anderson v. TransUnion, LLC, and PHH Mortgage Corporation*, Civil Action No. 3:21-cv-00166. Plaintiff's claims against Defendant were dismissed with prejudice pursuant to a Notice of Voluntary Dismissal filed on March 23, 2021. Report 4 (citing Civil Action No. 3:21-cv-00166, Doc. 15). Plaintiff filed her second action against Defendant in a Texas state court.

*See Benita Anderson v. PHH Mortgage Services*, Cause No. JS2200833H, in the Justice Court, Precinct 1, Place 1, Dallas County, Texas. This action was dismissed without prejudice on October 11, 2023, for want of prosecution. Report 4.

In the Motion, Defendant argues that Plaintiff's claims are barred by res judicata and that, regardless, she fails to state a claim for relief upon which relief can be granted under RESPA. After hearing oral arguments and evaluating the briefings, Judge Rutherford recommended that the court grant Defendant's Motion because:

> Plaintiff's RESPA claims arising from any alleged account error and error notification prior to the January 2021 filing of her first suit against Defendant are barred by res judicata and should be dismissed with prejudice. Alternatively, these RESPA claims—along with any post-2021 claims—are subject to dismissal based on the fatal pleading deficiencies[.]

*Id.* at 10. On June 27, 2024, Plaintiff filed Objections (Doc. 25) to the Report. In her Objections, Plaintiff largely realleges the same arguments she made in her response to Defendant's Motion. Further, as Defendant points out in its Response to Plaintiff's Objections (Doc. 26), she fails to raise specific objections to the Report and references inapplicable summary judgment standards. Accordingly, Plaintiff's Objections are **overruled**.

The Report also concludes that Plaintiff should not be granted leave to amend her complaint because:

> For one, most of the claims [Plaintiff] attempts to plead in this action are barred by res judicata for the reasons explained. Thus, allowing amendment would be futile. Additionally, regarding any RESPA claims that are not barred by res judicata, [Plaintiff] was represented by counsel in drafting her Complaint and appears to have alleged her best case. [Plaintiff] has not requested leave to amend or suggested that she could plead any facts that would state a claim. Allowing amendment would cause unnecessary delay and not be in the interest of justice.

Report 16.

The provision of Rule 15(a)(2) of the Federal Rules of Civil Procedure that states "[t]he court should freely give leave when justice so requires," however, is not without limitation. Fed. R. Civ. P. 15(a)(2). The decision to allow amendment of a party's pleadings is within the sound discretion of the district court. *Foman v. Davis*, 371 U.S. at 182 (1962); *Norman v. Apache Corp.*, 19 F.3d 1017, 1021 (5th Cir. 1994) (citation omitted). In determining whether to allow an amendment of the pleadings, a court considers the following: "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Foman*, 371 U.S. at 182; *Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 566 (5th Cir. 2003) (citation omitted). As stated in the Report, the court believes that permitting another pleading is an inefficient use of the parties' and the court's resources, causes unnecessary and undue delay, and is futile. Therefore, to the extent she objects to the Report denying her an opportunity to amend, Plaintiff's objection is **overruled**.

Having considered the pleadings, Motion, Report, file, and record, and having conducted a *de novo* review of the portions of the Report to which objections were made, the court determines that the Magistrate Judge's finding and conclusions in the Report are correct, and **accepts** them as those of the court. Therefore, the court **grants** Defendant's Motion and **dismisses with prejudice** Plaintiff's claims against it.

**It is so ordered** this 22nd day of July, 2024.

*Sam A. Lindsay*
Sam A. Lindsay
United States District Judge

Order – Page 3